JUSTICE WEBER,
dissenting:
After a review of the entire record, the District Court concluded that the Commission’s denial of Mr. Wong’s request to continue the hearing was arbitrary, capricious and an abuse of discretion. I agree with that conclusion.
The record discloses that Pam Wong and the City of Billings Police Department signed the complaint filed against Mr. Wong on November 27, 1989. While the complaint was filed with the Billings Police Commission on February 10, 1990, Mr. Wong was not served with a copy of the complaint until March 27, 1990, some six weeks after its filing and just three weeks prior to the hearing.
On April 4, 1990, Mr. Stiteler, as attorney for Mr. Wong, requested a continuance, stating that Mr. Stiteler had prior commitments which conflicted with the scheduled hearing dates, and due to the nature of the charges in the complaint, Mr. Wong needed additional time to prepare an adequate defense. The Commission denied Mr. Wong’s request for continuance claiming that Mr. Wong failed to show good cause for the postponement; however, the Commission does not challenge Mr. Stiteler’s unavailability on the hearing dates. The Commission’s order stated:
*120 Police Officer Wong was served with a copy of the Notice of Hearing and a copy of the Complaint filed against him on March 27, 1990. On April 2, 1990, the City Attorney’s office provided Officer Wong with copies of statements and information pertinent to the charges pending against him. Officer Wong’s Attorney David Stiteler, did not mail his Request for Postponement until April 5, 1990, more than one week after service of the complaint.
Officer William Wong has been given more than the statutorily required 15 days notice of hearing. He has sufficient time to prepare his case ...
In this case, the Commission’s denial of a continuance effectively prohibited Mr. Stiteler from representing Mr. Wong.
Here, the complaint charging Mr. Wong contained 39 counts. The hearing on the complaint was held on April 18, 19, 20, 24, and 25, 1990, and lasted over twenty-three hours. Thirty-four witnesses appeared on behalf of the parties. Yet, despite the complexity of this hearing, Mr. Wong represented himself pro se without the assistance of an attorney.
In considering the complexity of the charges, the number of witnesses, the unavailability of counsel chosen by Mr. Wong, and the City’s six week delay in serving Mr. Wong with the complaint after its filing; the Commission’s refusal to continue the hearing adversely effected Mr. Wong’s ability to prepare an adequate defense. The fact that the Commission complied with the statutory fifteen day notice does not eliminate the potential prejudice. I therefore agree with the District Court’s conclusion that the decision of the Commission was arbitrary, capricious and an abuse of discretion. I would affirm the District Court.